UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 12-cv-202-KSF

FINLEY PERRY                                                                         PETITIONER

v.                                     **OPINION & ORDER**

CLARK TAYLOR, WARDEN                                        RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On September 25, 2012, petitioner Finley Perry filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1] challenging his conviction and incarceration on a state conviction of murder in McCreary Circuit Court. This matter has been fully briefed and is ripe for review. Also before the Court is the motion of the respondent, Clark Taylor, Warden, to strike a portion of Perry's reply [DE #22]. Consistent with local practice, these matters were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On February 10, 2014, the Magistrate Judge filed his Recommended Disposition and Order wherein he recommended that Perry's petition be denied on various grounds [DE #27]. First, the Magistrate Judge explained the highly deferential standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254. Then the Magistrate Judge turned to Perry's ineffective assistance of counsel claims, and set out the applicable elements of such a claim as established by *Strickland v. Washington*, 466 U.S. 668 (1984). The Magistrate Judge noted that in a § 2254 action, the "[p]ivotal question is whether the state court's application of the *Strickland*

1

standard was unreasonable," not whether the defense counsel's performance fell below *Strickland's* standard. *Harrington v, Richter*, 131 S.Ct. 770 (2011). Under this highly deferential standard, the Magistrate Judge determined that the Court of Appeals of Kentucky reasonably applied clearly established federal law in all of Perry's claims of ineffective assistance of counsel. Accordingly, the Magistrate Judge recommended that Perry's § 2254 petition be denied.

The Magistrate Judge also considered Taylor's motion to strike [DE # 22], seeking to strike the portion of Perry's reply containing a claim that a juror was in contact with and influenced by a relative of the victim, and that the juror tainted the deliberation process. The Magistrate Judge carefully reviewed the record and found that Perry improperly raised this issue for the first time in his reply brief. As a result, the Magistrate Judge recommended that Taylor's motion to strike be granted on the grounds that Perry waived this argument. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

Perry failed to file any objections to the Magistrate Judge's Recommended Disposition and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record, is in agreement with the Magistrate Judge's findings and recommendations.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to *Slack v. McDaniel,* 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Perry has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that:

(1) the Magistrate Judge's Recommended Disposition [DE #27] is **ADOPTED** as and for the opinion of the Court;

(2) Taylor's motion to strike [DE #22] is **GRANTED**;

(3) Perry's petition for a writ of habeas corpus [DE #1] is **DISMISSED WITH PREJUDICE**;

(4) pursuant to 28 U.S.C. § 2253(c), a certificate of appealability shall not issue;

(5) pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis; and

(6) judgment will be entered contemporaneously herewith.

This March 4, 2014.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**